[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brought this action in Small Claims Court. The defendants' motion to transfer it to the Civil Docket of the Superior Court was granted.
The plaintiff in her amended complaint alleges that the defendants terminated her duties as a dance instructor in breach of a contract that was to terminate some months later.
The defendants contend that the plaintiff violated the terms of the parties' agreement wherefore the defendants exercised their right to declare the contract terminated, and the plaintiff was so informed.
The pertinent facts underlying this complaint are: The defendant owns and operates Dance City and the Arts as a dance instruction school. She operates the school as a business. She also instructs students in the art of dancing. She has successfully increased the student enrollment during the five-year period as proprietor from approximately thirty-five students to 180. This has required the engagement of other instructors to participate in giving dancing lessons to the students. She has accomplished this by contracting with persons she determines to be professionally competent to instruct in the art of dancing. To this end, she contracted with the plaintiff to instruct students in a style of dance known as "hip-hop." The parties' contract, Exhibit A, provided for the plaintiff to instruct students in this dance at certain days and for definite time periods at the defendants' premises under the defendant's, Sheila Simone, overall supervisor. For this the plaintiff would receive periodic, specific financial payments. The total period of the contract was from September 10, 2001 to June 8, 2002.
In addition to the actual instruction of the students, the contract required that the plaintiff deal with parents of young students, to prepare them for public showings of their dances, as well as to become aware of and conform to the policies set out by the school. CT Page 2478-ao
These policies designed and set out by the defendant, Simone, relate to the when, how, where of the dance instructions. They also included interactions with parents, other instructors and the students for the purpose of presenting a positive and helpful image of the school, its instructions and instructors.
The plaintiff did not fit in well at the defendant's school nor with its director, the defendant, Simone. Although she was a generally competent instructor, she did not take the school's policies to heart: classes would not consistently start on time; music would contain profanity; rules on student attire would not be enforced; students' costumes for a public event were not accurately ordered, nor timely ordered; permitted an underage student to enter her class in violation of policy; parents' complaints not adequately addressed. These deficiencies, together with her persistent failure to adequately record data required by the administration, created a negative atmosphere within the school that was not conducive to harmony that is appropriate at a school.
The defendant, Simone, after attempting to have the plaintiff conform to the school's policies and to adjust her teaching approach with the children, as well as pointing out how necessary it was to keep parents informed of their child's progress at the school, determined that the plaintiff failed to modify her methods and habits and that this was detrimental to the students and to the school. She, therefore, terminated the contract with the plaintiff.
The court finds that the parties had entered into a valid contract; that, the plaintiff failed in major respects to perform her duties under that contract. Thus, the defendant's termination of the contract prior to its stated date was permissible.
Therefore, Judgment may enter for the defendants on the complaint by the plaintiff, together with court costs.
Kremski, JTR CT Page 2478-ap